**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

BUCKIE A. MILLS                                                                                            PLAINTIFF
ADC #105605

V.                                              NO: 2:09CV00171 JLH/HDY

ARKANSAS DEPARTMENT
OF CORRECTION *et al.*                                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, currently incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, (docket entry #3), on November 18, 2009. On November 20, 2009, the Court entered an order noting that Plaintiff's complaint contained what appeared to be separate and unrelated claims against numerous Defendants that arose over a period of more than two months in the summer of 2009 (docket entry #6). Accordingly, Plaintiff was directed to file an amended complaint setting forth the one distinct claim he wished to pursue in this action.

On November 25, 2009, Plaintiff submitted an amended complaint (docket entry #9). Plaintiff's amended complaint also contained multiple and unrelated claims, and United States District Judge J. Leon Holmes entered an order dismissing all of Plaintiff's claims except for his claims that Defendants Adrian Wallace, Wanda Barnes, and James Lang, denied him access to the courts (docket entry #20). Plaintiff was subsequently granted leave to amend his complaint to

include Tracie Sanders as a Defendant in connection with his denial of access claims (docket entry #22).

On May 11, 2010, Defendants filed a motion to dismiss the complaint for failure to state a claim upon which relief may be granted, along with a brief in support (docket entries #30 & #31). Plaintiff filed a response on May 20, 2010 (docket entry #37).

## I. Standard of review

Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570.

Nevertheless, in *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).

## II. Analysis

The only issue in this matter is whether Defendants violated Plaintiff's right to access the

courts by impeding his law library access and delaying his legal mail.[1]  According to Plaintiff's complaint, his law library and mail problems began on June 28, 2009.  Plaintiff specifically identified a 22 page document that he needed to file in a pending "federal appeal petition." Defendants assert that Plaintiff's complaint should be dismissed because he never suffered an actual injury.  To state a claim for denial of meaningful access to the courts, "inmates must assert that they suffered an actual injury to pending or contemplated legal claims." *Myers v. Hundley*, 101 F .3d 542, 544 (8th Cir.1996).

Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that, other than this lawsuit, Plaintiff is pursuing only one other federal action–a *habeas* petition styled *Mills v. Norris*, ED/AR No. 5:09CV112.  A review of that case reveals that, on July 16, 2009, Plaintiff was able to file a 22 page reply to the Respondent's response, and the matter is pending at this time. Nothing in that case indicates that Plaintiff has missed any deadlines, or been prejudiced in any way by any delay in law library or mail services.  In his response, Plaintiff has failed to identify any harm, but asserts that he "may not have suffered injuries in the process," but did suffer "mental derangement."  However, without a physical injury, mental or emotional injuries are not actionable.  *See* 42 U.S.C. § 1997e(e).[2]

Plaintiff's failure to identify any harm he has sustained in any legal cases precludes his claim for denial of access to the courts.  *Lewis v. Casey*, 518 U.S. 343, 350-353 (1996).  Accordingly, because Plaintiff has not been injured by any delay, Defendants' motion to dismiss should be

---

[1] Defendants do not dispute that inmates have a right to access the courts.

[2] "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  *Id*.

4

granted, and Plaintiff's complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion to dismiss (docket entry #30) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this  24  day of May, 2010.

_____
UNITED STATES MAGISTRATE JUDGE